## In re STRAUB.

(District Court, N. D. West Virginia. January 9, 1908.)

1. NOVATION—NATURE AND REQUISITES.

A bankrupt, having purchased certain land and executed a deed of trust thereon to secure a debt, conveyed the land to his father, who did not assume the debt, and later devised the land to his two children, consisting of the bankrupt and his sister. Held, that such transaction did not constitute a novation of the debt secured by the deed of trust, which can occur only when there is a substitution of a valid new obligation for an old one, necessitating the extinction of the old debt.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Novation, § 1.]

2. LIMITATION OF ACTIONS—BAR OF DEBT AS AFFECTING SECURITY.

Where a trust deed constituted a conveyance of title as security for a debt, the statutory bar of limitation in so far as the personal liability of the debtor was concerned was ineffective to destroy the lien against the property conveyed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 652.]

3. BANKRUPTCY—LIENS—PAYMENT—CONTRIBUTION.

A bankrupt, having purchased certain real estate, executed a deed of trust thereon to secure a debt, and later conveyed the land to his father for a cash consideration subject to the deed of trust; the land subsequently being devised by the father to the bankrupt and his sister jointly. Held, that the holder of the debt secured by the deed of trust was entitled to payment in full of the proceeds of the sale of the bankrupt's half interest in the property, reserving to the bankrupt's creditors the right to subrogation to the bankrupt's right to contribution from his sister, subject, however, to the state of indebtedness existing between the bankrupt and his sister.

4. SAME—CONTRIBUTION—DETERMINATION—PROCEEDINGS.

Where property subject to a deed of trust was devised to a bankrupt and his sister, and the holder of the debt secured obtained payment in full from the proceeds of the sale of the bankrupt's interest in property, the claim of the bankrupt's creditors to subrogation to his right to compel contribution from his sister could only be considered and determined in ancillary proceedings instituted for that purpose.

In Bankruptcy.

W. P. Samples, for creditors.

Hugh Warder and G. W. Ford, for Kate Barnes, ex'x.

DAYTON, District Judge. On the 23d day of February, 1888, Charles H. Straub purchased lot No. 107, in the town of Grafton, and on the 25th day of May following executed a deed of trust thereon to secure George W. Barnes a note for $1,400, payable four years thereafter. On June 29, 1891, Straub conveyed, with covenants of general warranty, this property to his father, John P. Straub, for $3,250 in hand paid. By the will of John P. Straub, dated March 3, 1895, this property was by him devised jointly to his two children, the said Charles H. Straub and Mary F. Straub, now Simmons. On August 26, 1897, George W. Barnes died testate, and Kate Barnes qualified as his executrix. On May 25, 1898, Charles H. Straub executed to said Kate Barnes his note for $500, payable one day after date, in lieu of and for the unpaid balance of said original $1,400 debt. Charles H. Straub has been declared bankrupt, and in the settlement of his estate

before the referee in bankruptcy Kate Barnes filed said $500 note, claiming it to be a specific and prior lien upon the half interest of said bankrupt in said lot 107 devised to him by his father, secured by said original deed of trust. This contention was denied by the trustee in bankruptcy, who insists that John P. Straub assumed, by his purchase from his son, the payment of the original deed of trust debt; that a novation of the debt was consummated by the execution of the $500 note to Kate Barnes, and the trust lien was thereby extinguished. The referee overruled this contention, but held that only one half of this trust debt could be collected from the proceeds of the sale of the half interest owned by the bankrupt, and that she would be required to resort to the other half interest in the hands of Mrs. Simmons for the remaining half of her debt. From this ruling of the referee both the trustee and Kate Barnes have excepted, and petitioned for revision.

I think the referee was clearly right in holding that there was no novation of the original debt and no extinguishment of the trust lien upon lot No. 107 to secure its payment. The debt was originally the debt of the bankrupt, and whether or not his father, when he took over the property, assumed to pay it, is not material here. It is very clear he gave no new obligation to either Barnes or to his executrix therefor nor did he secure any release of the lien. This lien was of record, and therefore he took the property from his son with full notice of this lien, but without personal assumption thereof. There could be no novation of the debt such as to destroy this lien without concurrent action on the part of the holder, Barnes, or his personal representative. The taking of a new note for the debt, or for an unpaid portion thereof, could work no such novation. A novation is the substitution of a new obligation for an old one, which is thereby extinguished, and its requisites are a valid prior obligation to be displaced, the consent of all parties to the substitution, the extinction of the old obligation, and the creation of a valid new one. The substitution may be in the debt or contract, in the debtor or in the creditor. 4 Current Law, 838; In re Fuller & Bennett (D. C.) 152 Fed. 538. Here the same party executed the two notes to the same creditor (the executrix standing for the testator), the one for the original debt the other for its unpaid balance and novation could not arise.

I think, however, the referee did err to the prejudice of the executrix in holding that she could only collect one half of this debt out of the proceeds of the sale of the bankrupt's half interest in this property. It is to be remembered that this deed of trust constituted a conveyance of the legal title to this property and every part of it; that John P. Straub by his deed only took the equity of redemption, and by his will could only devise the equity of redemption back to his son and daughter; and that the creditors of either of these could only subject this equity of redemption to payment of their debts. The trust, being thus a conveyance of title held in security, the statutory bar of limitation might bar the personal liability of the maker of the note, but could have no such effect to destroy the lien upon the property. In such case the holder of the lien cannot be required to surrender to unsecured creditors any single part of the property so held in trust by him until the whole of his debt is paid, unless he consent

thereto. This is the very letter of his trust conveyance recorded, and of which the world must take notice. The extent to which the referee could go was to direct the payment in full to Kate Barnes of this trust debt out of the proceeds of the sale of the bankrupt's half interest, reserving to the creditors the right to be subrogated to the bankrupt's right, and his only, to demand from his sister contribution. And this right of the bankrupt to so demand contribution must be conditional upon the state of indebtedness that may or may not exist between him and his said sister, and can only be considered and determined upon ancillary proceedings instituted for that purpose.

The order of the referee will be reversed, and the case remanded to him, with directions to enter decree in accordance with this opinion.